

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles E. Reagan
Criminal District Attorney
Marlin, Texas

Dear Sir:

Opinion No. O-4085
Re: (1) May a county reimburse
a taxpayer which has paid a
road district tax on property
which a survey shows was not
within the district?
(2) May such refund be made
out of the interest and sink-
ing fund of said road district?

We have received your letter requesting an opinion
from this Department. We quote from your request.

"A recent survey disclosed that a taxpayer
had been paying taxes on property, a portion of
which not within the limits of road district #9,
Falls County, Texas, for a period of 20 years.
Demand has been made upon the County for reim-
bursement to the extent of any and all excess
payments.

"Is it legally possible for the County to re-
imburse such taxpayer? If so, can such payments
be made out of the interest and sinking fund of
road district #9?

"(All tax payments were voluntarily made)

"Authorities. (Austin Nat'l Bank of Austin
vs. Sheppard et al, 71 S. W. (2d) 242.)

"National Biscuit Co. vs. State, 135 S. W.
(2d) 687, reversing 129 S. W. (2d) 494.)"

Honorable Charles E. Reagan, Page 2


Chapter 3 of Title 22 of Vernon's Civil Statutes of Texas is the statutory law relating to the procedure pertaining to the issuance of road district bonds and the manner of payment of such bonds.

The fundamental rules of law applicable to your first question have been discussed by this Department in our opinion No. 0-1266. A copy of said opinion is enclosed for your information. Also see our opinion No. 0-2436, a copy of which is also enclosed.

In accordance with the authorities cited in said opinions, your first question is accordingly answered in the affirmative. We next consider your second question.

The lien on the property in the road district created in favor of the bond holders could not be said to extend beyond the boundaries of the road district. The tax was levied, assessed and collected by the taxing unit, probably under a mistake of fact, certainly without authority of law. The tax was paid by the property owner to the taxing authority under a mistake of fact. From the facts submitted there is nothing to show that the taxpayer was negligent in failing to ascertain whether all of his property was within the road district boundaries. We do not believe, in this connection, that the law would require a person to go to the trouble and expense of having his property surveyed to determine if it is properly within the boundaries of the taxing unit in order to preclude the risk of paying taxes which could not subsequently be recovered when it becomes an established fact that such taxes were not in fact properly collectible in accordance with existing laws. To hold otherwise would be contrary to every principle of equity and justice. It follows, therefore, that since the taxes collected were on property not located within the road district and were therefore wrongfully levied, assessed, collected and paid under a mistake of fact, the amount of such taxes never became the property of the road district as against the property owner. Opinion No. 0-1266, supra; Austin National Bank of Austin v. Sheppard, (Com. of App.) 71 S. W. (2d) 242.

Taxes that have been illegally exacted may be recovered by the owner even though such taxes have gone into the

treasury and have been paid out by the disbursing officers. Austin National Bank of Austin v. Sheppard, supra. This Department has held in opinion No. 0-2436, supra, that where a person mistakenly pays taxes on another's property, thinking he is paying taxes on his own, such person may recover such amount from the county and it is the county's duty to make such refund. It is, therefore, our opinion that the person, referred to in your request, and under the facts therein stated, may properly be paid the pro rata amount of taxes wrongfully collected and mistakenly paid, upon the property not situated within the actual boundaries of the road district and that said amount may properly be paid out of the interest and sinking fund of said road district.

We trust that in this manner we have fully answered your inquiries.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Harold M? Cracken*

Harold McCracken
Assistant

HM:ej



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN